IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOHN MCCAUGHEY, | ) | CIVIL 15-00400 LEK-RLP |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ANSALDO HONOLULU JV, a | ) | |
| general domestic partnership, | ) | |
| and ANSALDO STS USA, INC., a | ) | |
| foreign profit corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER DISMISSING CASE WITH PREJUDICE

On October 1, 2015, Plaintiff John McCaughey ("Plaintiff") filed his Complaint in state court, and Defendants Ansaldo Honolulu JV ("Ansaldo Honolulu") and Ansaldo STS USA, Inc.'s ("Ansaldo STS," collectively "Defendants") removed the action to this district court. [Notice of Removal of State Court Action to Federal Court, filed 10/6/15 (dkt. no. 1).] On October 13, 2015, Defendants filed their Motion to Dismiss Complaint Filed October 1, 2015 ("Motion"). [Dkt. no. 5.] On January 12, 2016, this Court issued an order that, *inter alia*, granted the Motion in part and denied it in part ("1/12/16 Order"). [Dkt. no. 14.] This Court dismissed Counts I and II of the Complaint without prejudice and dismissed Count III with prejudice. The 1/12/16 Order gave Plaintiff until February 17, 2016 to file an amended complaint that cured the defects identified in the 1/12/16 Order. [Id. at 20.]

Because Plaintiff has neither filed his amended complaint nor requested an extension of the February 17, 2016 deadline, this Court has the discretion to dismiss Counts I and II with prejudice.  See <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[1]  After weighing the five dismissal factors set forth in <u>Dreith v. Nu Image, Inc.</u>, 648 F.3d 779, 788 (9th Cir. 2011),[2] this Court finds that the public interest in the expeditious resolution of this litigation and this Court's interest in managing the docket strongly outweigh the policy favoring disposition of cases on the merits. Moreover, this Court finds that Defendants will not be prejudiced by dismissal and there are no less drastic alternatives available

---

[1] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[2] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

<u>Dreith</u>, 648 F.3d at 788 (citations and quotation marks omitted).

2

at this time.

Counts I and II of Plaintiff's Complaint, which this Court previously dismissed without prejudice, are HEREBY DISMISSED WITH PREJUDICE.  This Court DIRECTS the Clerk's Office to close the case on **March 7, 2016**, unless Plaintiff files a motion for reconsideration of this Order by **March 11, 2016**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, February 19, 2016.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOHN MCCAUGHEY VS. ANSALDO HONOLULU JV, ET AL; CIVIL 15-00400 LEK-RLP; ORDER DISMISSING CASE WITH PREJUDICE**